UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HARCH HYPERBARICS, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.  09-7467 |
| | * | |
| AUGUST MARTINUCCI, ET AL. | * | SECTION "L" (3) |
| | * | |

ORDER & REASONS

Before the Court is a Motion to Modify Order to Include Findings to Certify for Appeal
(Rec. Doc. No. 24) filed by Defendants August Martinucci, Paul Martinucci, and Ronald Holt.
The Court has reviewed the submitted memoranda and the applicable law and is ready to rule.
For the following reasons, the motion is denied.

I. BACKGROUND AND PRESENT MOTION

This case arises out of an arbitration clause in a licensing agreement between Plaintiff
Harch Hyperbarics, Inc. and Mid-West Hyperbaric Institute, Inc. ("Mid-West Inc."). Under the
licensing agreement, Harch authorized Mid-West, Inc. to use its trade name and trade secrets in
return for the payment of an annual licensing fee and royalties. About three months after the
licensing agreement was executed, Defendants August Martinucci, Paul Martinucci, and Ronald
Holt, who were corporate directors and shareholders of Mid-West, Inc., changed the name of the
corporation to the Mason Group, Inc. Defendants August Martinucci and Ronald Holt also
formed a new entity named Mid-West Hyperbaric Institute, P.C. ("Mid-West P.C.") and directed
this new entity to use the Harch trade name and trade secrets.

Alleging that these actions were in breach of the licensing agreement, Plaintiff invoked
the arbitration clause in the agreement, which provides that "[a]ny dispute of controversy arising

1

under, out of, or in connection with, or in relation to" the licensing agreement is to be determined by arbitration in Louisiana applying Louisiana law. In August 2009, an arbitration was convened in New Orleans, Louisiana. In November 2009, an interim award of about $2.4 million was entered in favor of Plaintiff. In January 2010, a final award of about $2.8 million was entered in favor of Plaintiff.

Plaintiff has filed suit in this Court, seeking to hold Defendants personally liable for the arbitration award. In its Complaint, Plaintiff alleges that the Mason Group is the alter ego of all three Defendants and that Mid-West P.C. is the alter ego of Defendants August Martinucci and Ronald Holt. Plaintiff further avers that it will not be able to collect the final arbitration award from the Mason Group or Mid-West P.C. Thus, it prays that the corporate veil of these two entities be pierced.

In March 2010, each Defendant filed a motion to dismiss. Defendants sought the dismissal of Plaintiff's action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Rule 12(b)(3). Defendants also argued that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim because Plaintiff did not plead with particularity the allegation of fraud that underlies its claim for piercing the corporate veil as required under Rule 9(b). In August 2010, the Court denied the motions to dismiss in all respects.

Defendants have filed the present Motion to Modify Order to Include Findings to Certify for Appeal. According to Defendants, certification for interlocutory appeal is appropriate because there is a substantial ground for a difference of opinion on the following four controlling questions of law: 1) "whether this Court may exercise personal jurisdiction over Defendants

based solely on the contacts of the Companies with the State of Louisiana"; 2) "whether the Mason Group's contractual consent to jurisdiction and forum selection in Louisiana should be imputed to Defendants"; 3) "whether a substantial part of the action occurred in Louisiana when the claim is one to pierce the veil of two Illinois corporate entities"; and 4) "whether Rule 9(b) requires Plaintiff to plead with particularity its allegations of fraud underlying its claim for piercing the corporate veil."

Plaintiff opposes Defendant's motion. Plaintiff argues that the questions identified by Defendant are mixed questions of law and fact not suitable for interlocutory appeal, that an interlocutory appeal will not materially advance the ultimate termination of the case, and that the question of personal jurisdiction is not ripe for appellate review.

## II. LAW AND ANALYSIS

### 1. Interlocutory Appeals under 28 U.S.C. § 1292(b)

In general, only the final judgments of the federal district courts can be appealed. *See, e.g.*, *United States v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985). This final-judgment rule, embodied in 28 U.S.C. § 1291, reflects "a firm congressional policy against . . . 'piecemeal' appeals." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). One exception to this general rule lies in 28 U.S.C. § 1292(b), which provides that a district court in a civil case may certify for appeal an order that is not otherwise appealable if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Interlocutory appeals under this provision are appropriate only in "exceptional cases," *Garner*, 749 F.2d at 286; *accord Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), and "permission to appeal [under § 1292(b)] is granted sparingly, not automatically," *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir.1972). The decision regarding whether to certify an order for interlocutory appeal under Section 1292(b) rests within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358-59 (11th Cir. 2008); *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated on remand*, 883 F.2d 17 (5th Cir. 1989) (en banc).

**2. Personal Jurisdiction**

This Court's ruling on the issue of personal jurisdiction does not raise any question as to which "there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "The threshold for establishing the 'substantial ground for difference of opinion' with respect to a 'controlling question of law' required for certification pursuant to § 1292(b) is a high one." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz*, 702 F.2d at 68. Thus, the mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion. *E.g.*, *United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813-14 (E.D. La. 2009); *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996).

4

Instead, a substantial ground for difference of opinion exists if there is a "genuine doubt as to the correct legal standard" to be applied. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *accord Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 295 (W.D. La. 2010); *Consub Del. LLc v. Schahin Engenharai Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Such a circumstance can arise if "the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve* Corp., 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (internal citation omitted); *accord Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). In addition, a party may argue that there is a substantial ground for difference of opinion based on the divergent application of a legal standard.[1] But the

---

[1] In its memorandum, Plaintiff cites to *Anderson v. Jackson*, a case in which the court stated that "permissive interlocutory appeals are not appropriate for determinations that involve application of law to fact." No. 06-3298, 2007 WL 4414479, at *4 (E.D. La. 2007). Plaintiff relies on that case to argue that some of the questions identified by Defendant are mixed questions of law and fact and thus not appropriate for interlocutory appeal. It is true that the Fifth Circuit has indicated that it will not review the mere application of law to fact in certain cases. *See, e.g.*, *La. Patients' Compensation Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005) (citing *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)). Other courts of appeals, such as the Eleventh Circuit, have more categorically stated that "[t]he term 'question of law' does not mean the application of settled law" but instead denotes "an abstract legal issue or what might be called [a question] of 'pure' law." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (citing *Ahrenholz*, 219 F.3d at 676, 677).

It appears that it would be a mistake, however, to construe these cases as indicating that interlocutory appeals can never extend to the application of a legal standard to a set of facts. Indeed, such a rule would render anomalous the Fifth Circuit cases in which, on interlocutory appeal, the Court of Appeals articulated, and applied, principles of personal jurisdiction to a set of jurisdictional facts. *See, e.g.*, *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008); *Bearry v. Beech Aicraft Corp.*, 818 F.2d 370 (5th Cir. 1987); *Rebozo v. Wash. Post Co.*, 515 F.2d 1208 (5th Cir. 1975). A decision applying a legal standard to a set of facts may embody sufficient "novelty and importance" to warrant interlocutory appeal. *Bearry*, 818 F.2d at 373; *see also Rebozo*, 515 F.2d at 1211-16 (construing and applying Florida's long-arm statute, which had not yet been construed by the Florida Supreme Court). Thus, the rule that courts of appeals

mere fact that "settled law might be applied differently" is insufficient to show that there is a substantial ground for difference of opinion. *Couch*, 611 F.3d at 633. Instead, a party seeking to make an interlocutory appeal must show that "other courts have substantially differed in applying the standard." *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993). If the application of the same legal standard to similar facts has resulted in divergent outcomes, then the legal standard may have to be further refined or clarified.

Here, Defendants have not identified a question of law raised by this Court's ruling on the issue of personal jurisdiction as to which there is a substantial ground for difference of opinion. In their memorandum, Defendants argue that a substantial basis for disagreement exists as to whether this Court "may exercise personal jurisdiction over Defendants based solely on the contacts of the Companies with the State of Louisiana" and whether "the Mason Group, Inc.'s contractual consent to jurisdiction and forum selection in Louisiana should be imputed to Defendants." Although Defendants present these as distinct questions, the second one is in fact a subsidiary question of the first. The issue is whether the contacts of the Mason Group and Mid-West P.C. with Louisiana can be imputed to Defendants.

It cannot be said, however, that there is a "genuine doubt as to the correct legal standard" that applies to this determination. *Kapossy*, 942 F. Supp. at 1001. As this Court has noted, the Court of Appeals has held that the fiduciary shield doctrine generally precludes the imputation of

---

will not review applications of law to fact on interlocutory appeal must be understood to be aimed at precluding the interlocutory review of those questions that are, by their very nature, "too fact-intensive," *McFarlin*, 381 F.3d at 1258, such as whether a party presented sufficient evidence to obtain summary judgment, *La. Patients' Compensation Fund*, 411 F.3d at 588; *Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir. 2004); *see also McFarlin*, 381 F.3d at 1258 (noting that interlocutory review does not extend to questions that "require[] rooting through the record in search of the facts or of genuine issues of fact").

a corporation's contact to a corporate officer for purposes of personal jurisdiction. *Stuart v. Spademan*, 772 F.2d 1187, 1197 (5th Cir. 1985). But it has also held that there is "an exception to this rule when the corporation is the alter ego of the individual." *Id.* Thus, the Fifth Circuit has articulated the rule of law that is applicable to determining personal jurisdiction in this case. This is not a situation where "the Court of Appeals of the circuit has not spoken on the point." *Ryan*, 444 F. Supp. 2d at 723.

Defendant might argue that there is a substantial ground for difference of opinion in terms of how this standard is to be applied in this case. But as Plaintiff correctly observes, it would be premature to raise this issue before the Court of Appeals. As this Court has noted, the issue of whether the Mason Group and Mid-West P.C. are alter egos of Defendants goes to both the question of personal jurisdiction and the merits of Plaintiff's case. The Fifth Circuit has clearly indicated that in such a circumstance -- where "the jurisdictional issue is intertwined with the merits" -- "it is often 'preferable that [the jurisdictional] determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits.'" *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285-86 n.2 (9th Cir. 1977)). This Court has thus held that the question of personal jurisdiction in this case should be deferred, and for this reason, Defendants' motions to dismiss had to be denied.

Given that this Court has not definitely resolved the issue of personal jurisdiction, it is highly doubtful that the Court of Appeals would seek to consider the issue in the first instance. Indeed, the courts of appeals have refused to review on interlocutory appeal questions that the

district courts have reserved. *See, e.g.*, *Koehler v. Bank of Berm., Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996); *Ray v. Am. Nat'l Red Cross*, 921 F.2d 324, 325-26 (D.C. Cir. 1990); *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406-07 (8th Cir. 1979). The Fifth Circuit has stated that in such a situation, "there is no decision . . . for us to review." *Delta Air Lines, Inc. v. McDonnell Douglas Corp.*, 503 F.2d 239, 240 (5th Cir. 1974). As a result, to the extent that a party seeks to invoke the jurisdiction of a court of appeals to address an issue that a district court has not decided, it is "entirely proper" for the district court to "refuse to certify the [order]" for interlocutory appeal. *Fernandez-Roque v. Smith*, 671 F.2d 426, 430 n.6 (11th Cir. 1982).

**3. Venue**

Defendants argue that this Court should certify its order because the Court of Appeals should consider whether "a substantial part of the action occurred in Louisiana." This is not a question as to which there is a substantial ground for difference of opinion, however. There is no "genuine doubt as to the correct legal standard" to be applied. *Kapossy*, 942 F. Supp. at 1001. Congress has specified the applicable legal standard in determining the propriety of venue. *See* 28 U.S.C. § 1391(a) (providing in part that venue is proper in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred").

Defendants might argue that courts have substantially differed in applying that standard to a case similar as this one, but the only case that they cite to suggest that venue in this district is improper is wholly inapposite. In *Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 WL 58841 (E.D. La. 1999), the plaintiff sought to recover damages for injuries sustained as a result of a slip-and-fall in a hotel in Iowa. *Id.* at *1. The Court held that venue was improper because the "accident itself occurred in Iowa," not Louisiana. *Id.* Here, in contrast, Plaintiff's claim arises

out of an arbitration held in Louisiana applying Louisiana law. Defendants have failed to identify cases that are factually similar to this one and in which the courts made a different determination with respect to venue. Again, mere disagreement with a district court's ruling, even if "vehement," is not sufficient to establish the propriety of an interlocutory appeal. *First Am. Corp.*, 948 F. Supp. at 1116.

**4. Sufficiency of the Complaint**

Finally, Defendants argue that this Court should certify its order because the Court of Appeals should consider whether "Rule 9(b) requires Plaintiff to plead with particularity its allegations of fraud underlying its claim for piercing the corporate veil." This argument founders on the fact that under Section 1292(b), a question of law must be "controlling," and its determination should "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The requirements that a question of law be "controlling" and that "certification would materially advance the ultimate termination of the litigation" are "closely connected." *SEC v. Credit Bancorp., Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). These requirements reflect the fact that "[t]he institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b)." *Id.* at 226. Thus, certification for interlocutory appeal is appropriate if "reversal of the district court's opinion [in that respect] could result in dismissal of the action" or "limit [the action's] complexity or scope." *Id.* at 226, 227; *accord* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (2d ed. 1987) (noting that a question is "controlling" if reversal would require dismissal or otherwise "save time for the district court and time and expense for the litigants").

A reversal on whether Rule 9(b) provides the applicable pleading standard will not

accelerate this case toward resolution. Rather, such a ruling will only lead to a remand to this Court to determine whether Plaintiff's Complaint satisfies that rule. In the event that this Court finds that Rule 9(b) has not been met, Plaintiff will be given an opportunity to amend his pleadings. Indeed, "an insufficient allegation . . . under Rule 9(b) is subject to the liberal amendment provisions of Federal Rule 15." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1300 (3d ed. 2004). Thus, "when a motion based on a lack of sufficient particularity under Rule 9(b) is granted, . . . it will be with leave to amend the deficient pleading." *Id.*; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (noting that "a plaintiff's failure to meet the specific pleading requirements [of Rule 9(b)] should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing"); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir. 1981). Such a disposition is consistent with the Fifth Circuit's longstanding recognition that cases should be decided "on the merits rather than on the sufficiency of pleadings." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because "a reversal at most could lead only to a remand for repleading," *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959), an interlocutory appeal of this Court's ruling on the question of the sufficiency of the Complaint will not serve the aims of efficiency that underlie Section 1292(b). As a result, it would be improper for this Court to certify its order for interlocutory appeal.

## III. CONCLUSION

Defendants have not shown that the order of this Court denying their motions to dismiss "involves a[ny] controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, **IT IS ORDERED** that

Defendants' Motion to Modify Order to Include Findings to Certify for Appeal (Rec. Doc. No.

24) is hereby **DENIED**.

New Orleans, Louisiana, this 8th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE