UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HARCH HYPERBARICS, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-7467 |
| | * | |
| AUGUST MARTINUCCI ET AL. | * | SECTION "L" (3) |
| | * | |

## ORDER

On May 19, 2011, Defendants filed a motion to stay the instant case. Defendants noted that both the Mason Group and Mid-West Hyperbaric Institute P.C. ("Mid-West P.C.") have voluntarily filed for bankruptcy under Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court for the Northern District of Illinois. Defendants argued that as a result, Plaintiff's claims are subject to the automatic stay of 11 U.S.C. § 362(a)(3). Plaintiff opposed the motion, noting that, as shown by their bankruptcy petitions at the time, the Mason Group and Mid-West P.C. each had only one creditor – Plaintiff itself.

On May 26, 2011, the Court denied the motion. The Court recognized that an alter ego claim is one that inures to the benefit of all of the creditors of a debtor corporation, and that as a result, the filing of a bankruptcy petition by a debtor corporation generally triggers the automatic stay of such a claim. The Court noted, however, that at the time, the bankruptcy petitions of the debtor corporations listed only one creditor – namely, Plaintiff itself. The Court found that an automatic stay was therefore not warranted.

After the Court denied the motion to stay, the Mason Group and Mid-West P.C. amended their filings in the Bankruptcy Court, and Defendants filed the present Motion for Reconsideration (Rec. Doc. No. 72). In their motion, Defendants note that in their additional

1

filings with the Bankruptcy Court, both the Mason Group and Mid-West P.C. have identified creditors other than Plaintiff itself. Defendants urge that under the applicable law and this Court's prior reasoning, Plaintiff's alter ego claim is one that is shared by these other creditors and thus subject to the automatic stay under 11 U.S.C. § 362(a)(3).

In its opposition, Plaintiff notes that at a hearing on June 9, 2011, the Bankruptcy Court granted the motions of the bankruptcy trustee of both the Mason Group and Mid-West P.C. to employ Plaintiff's counsel to proceed with the alter ego claim in this Court. The orders of the Bankruptcy Court render Defendants' motion moot. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Rec. Doc. No. 72) is hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 10th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE